# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**TRENT DOUGLAS SHERMAN**,
    Plaintiff,

v.

| | **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY** |
|---|---|

**MICHIGAN DEPARTMENT OF NATURAL RESOURCES,**
a division of the State of Michigan,

**KEITH CREAGH**, Director of the Michigan Department of Natural Resources,

**GARY HAGLER**, Chief of the Michigan Department of Natural Resources,

**DEAN MOLNAR**, Asst. Chief of the Michigan Department of Natural Resources,

**CAPT. DANIEL HOPKINS**, a Conservation Officer
of the Michigan Department of Natural Resources,

**LT. JIM GORNO**, a Conservation Officer
of the Michigan Department of Natural Resources,

**SGT. JOE MOLNAR**, a Conservation Officer
of the Michigan Department of Natural Resources,

**WILLIAM WEBSTER**, a Field Training Officer
of the Michigan Department of Natural Resources,

**CHRISTOPHER LYNCH**, a Probationary Conservation Officer
of the Michigan Department of Natural Resources,

in their individual and official capacities,
    Defendants.

---

We Fight the Law, PLLC
Racine M. Miller (P72612)
17600 Northland Park Court Suite 210
Southfield, MI 48075
(248) 443-9030 F: (248) 443-9031
racine.michelle@gmail.com

We Fight The Law, P.L.L.C.
17600 Northland Pk Ct Ste 210
Southfield, Michigan 48075

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY

NOW COMES the Plaintiff, TRENT DOUGLAS SHERMAN, by and through his attorneys WE FIGHT THE LAW, PLLC, and for his Complaint against the Defendants states unto this Honorable Court as follows:

## INTRODUCTORY AND JURISDICTIONAL STATEMENTS

1. This is a civil action brought pursuant to 42 USC §§ 1983 and 1988 seeking injunctive and declaratory relief together with monetary damages against Defendants for violations of the Fourth and Fourteenth Amendments of the United States Constitution against these named Defendants in their individual capacities and their official capacities as state actors (under the Michigan Department of Natural Resources).

2. Jurisdiction is based upon 28 USC §§ 1331 and 1343. Pursuant to 28 USC §§ 1391 (b), venue is proper in the Eastern District of Michigan, Northern Division, the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred in (Alpena County) and in which the Defendants are subject to personal jurisdiction.

3. It is alleged that the Defendants, while acting under color of law and in the scope and course of their employment as law enforcement/conservation officers, made an unlawful and unreasonable seizure of the Plaintiff's person and maliciously caused the prosecution of Plaintiff without legal cause or excuse, thereby violating his rights under the Federal law and his Constitutional rights. It is further alleged that

WE FIGHT THE LAW, P.L.L.C.
17600 NORTHLAND PK CT STE 210
SOUTHFIELD, MICHIGAN 48075

2

Defendants each have conspired to violate the civil rights of the Plaintiff by the concealment and attempted cover-up of the true circumstances of the arrest and prosecution of Plaintiff.

4. As to the negligent conduct of the Defendants, it is alleged that the Defendants caused injuries to Plaintiff while acting in the course of employment or service or on behalf of their governmental employer and:

   1. Defendants were acting or reasonably believed that they were acting within the scope of their authority,

   2. the governmental agency was engaged in the exercise or discharge of a governmental function, and

   3. the Defendants' conduct amounted to gross negligence that was the proximate cause of the injury or damage.

5. As to the intentional conduct of the Defendants, it is alleged that:

   1. The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

   2. the acts were undertaken with lack of good faith, or were undertaken with malice, and,

   3. the acts were not discretionary.

## THE PARTIES

6. Plaintiff realleges each preceding paragraph as if more fully stated herein.

7. Plaintiff **TRENT DOUGLAS SHERMAN** was at all times pertinent hereto a resident and a citizen of the City of Alpena, County of Alpena, State of Michigan.

We Fight The Law, P.L.L.C.
17600 Northland Pk Ct Ste 210
Southfield, Michigan 48075

3

8. The individual Defendants were, upon information and belief, at all times relevant to this Complaint, law enforcement officers employed by the State of Michigan, Department of Natural Resources, and were at all times relevant to this Complaint each acting in the scope of their employment and under color of law.

9. Defendant Michigan Department of Natural Resources ("DNR") is the agency of the State of Michigan charged with maintaining natural resources such as state parks, state forests, and recreation areas. Defendant DNR has the responsibility, authority and ability to remedy current and future conduct of its conservation officers that have given rise to the deprivation of rights as set forth in this Complaint.

10. Defendant Keith Creaugh ("Creaugh") is the Director of the Michigan Department of Natural Resources. His duties and responsibilities include a responsibility for developing and implementing policies and procedures for the operation and management of the Michigan Department of Natural resources and its employees. His duties and responsibilities include the supervision of Defendant Hagler.

11. Defendant Gary Hagler ("Hagler") is the Chief of the DNR's Law Enforcement Division. Defendant Hagler's duties and responsibilities include the oversight of all conservation officers in the Law Enforcement division of the DNR system, including promulgating and administering DNR Law Enforcement Division policies.

4

12. Defendant Dean Molnar is the Assistant Chief of the Michigan Department of Natural Resources. His duties and responsibilities include the oversight of all conservation officers in the Law Enforcement division of the DNR system, including promulgating and administering DNR Law Enforcement Division policies.

13. Defendant Daniel Hopkins ("Hopkins") is the Captain of the Law Enforcement division of the DNR. His duties and responsibilities include the training, assignment, supervision, discipline and investigation of DNR conservation officers in the Law Enforcement Division.

14. Defendant Jim Gorno ("Gorno") is the Lieutenant of District 3 of the Law Enforcement Division of the DNR. His duties and responsibilities include the training, assignment, supervision, discipline and investigation of DNR conservation officers in the Law Enforcement Division.

15. Defendant Joe Molnar is the Sergeant of Area 3 of District 3 of the Law Enforcement Division of the DNR. His duties and responsibilities include the training, assignment, supervision, discipline and investigation of DNR conservation officers in the Law Enforcement Division.

16. Defendant William Webster ("Webster") was, at all times relevant to this Complaint, a Field Training Officer of District 3 of the Law Enforcement Division of the DNR. His duties and responsibilities include the training, assignment, supervision, discipline and investigation of DNR conservation officers in the Law Enforcement Division.

17. Defendant Christopher Lynch ("Lynch") was, at all times relevant to this Complaint, a Probationary Conservation Officer of District 3 of the Law Enforcement Division of the DNR.

## **FACTUAL ALLEGATIONS**

18. Plaintiff realleges each preceding paragraph as if more fully stated herein.

19. On October 17, 2015, approximately 11:35 p.m., DNR Pilot Bill Green ("Air 16") reported that there was a vehicle shining on the Fleco Camp.[1]

20. The shining was reported to have occurred between 11:15 and 11:20 p.m. on a two-track road going to the camp, about 200-300 yards from the camp.[2]

21. No suspect individual nor vehicle was described; only that a light was seen shining for a few seconds from a vehicle on private property four times.

22. Defendant officer Chris Lynch reported that, "prior to this incident, Conservation Officer Webster was granted a key from…one of the property owners of the Fleco Camp. They wanted him to watch the property because of reports of trespassers on the property that were suspected of poaching." Id.

23. No warrant was obtained, and no exigent circumstances existed to justify the officers' entry onto the property or the conduct which occurred after their arrival.

24. The officers made entry onto the private property, and had to unlock the padlock to the gate; there were no signs of forced entry or trespass.

---

1 The Fleco Camp is private property owned by ???? located in Green Township.
2 See attached EXHIBIT, Lynch Incident Report

25. Defendants Lynch and Webster arrived on the property around 11:35 p.m., and saw Plaintiff and another individual (DO WE WANT TO IDENTIFY SPENCE FLETCHER?) who were standing outside the camp.

26. The defendant officers began to question the individuals, asking for identification and fur harvester licenses.

27. Lynch noted the Plaintiff had slurred speech, and went with Plaintiff towards Plaintiff's vehicle (which was parked on the property) to obtain Plaintiff's identification.

28. When Lynch asked Plaintiff if he had any weapons in the vehicle, Plaintiff admitted that there was, and granted Lynch permission to search the vehicle.

29. Although nobody was pulled over, or even INSIDE the vehicle, Lynch reports that he found a Ruger pistol case "on the floor, in the middle of the truck in between the front and back seats accessible to the driver and the passenger." Id. There was no driver, neither any passenger.

30. Lynch confiscated Plaintiff's gun, ammo and case.

31. Lynch then asked Plaintiff to perform a series of Field Sobriety Tests.

32. Although Plaintiff had not been driving, and was on private property, he cooperated with the officers and did submit to the Field Sobriety Tests.

33. When Lynch asked Plaintiff to submit to a Preliminary Breath Test ("PBT"), Plaintiff refused, and asked to call a lawyer.

We Fight The Law, P.L.L.C.
17600 Northland Pk Ct Ste 210
Southfield, Michigan 48075

7

34. Plaintiff again refused the PBT, indicating to officers that he didn't know what to do.

35. Lynch then arrested Plaintiff, placing him in handcuffs, and arresting him for the following:

    1. Shining with a Weapon in Possession;

    2. Visibly Impaired while Possessing a Weapon,
    3. Operating While Under the Influence; and

    4. Possessing a Loaded Firearm in a Motor Vehicle.   Id.

36. On October 17, 2015, Plaintiff was cited[3] by Defendant Bill Webster for the following crimes:

    1. Refusal of PBT (civil infraction)

    2. Shining with Weapon in Possession (misdemeanor)

    3. Possession of a Firearm .08 BAC (misdemeanor)

    4. Operating While Intoxicated (misdemeanor)

37. Defendant Christopher Lynch seized the following property belonging to Plaintiff, as being "unlawfully used and possessed" noting "possess firearm .08 BAC " and "shine w/weapon in possession."[4]

38. Plaintiff was taken to jail, offered to take a DataMaster read, and still wanted to talk to an attorney.   Id.

---

3 See attached EXHIBIT, State of Michigan, Department of Natural Resources, Law Enforcement Uniform Law Citation (ticket) Number 656177and 656178.

4 See attached EXHIBIT, State of Michigan, Department of Natural Resources, Law Enforcement Uniform Law Property Seizure Record

39. Plaintiff ultimately did submit to the request, blowing a .11 at 2:26 a.m. and .12 at 2:29 a.m.

40. Plaintiff was charged and prosecuted.

41. On June 21, 2016, the DNR, through its complaining witness, Defendant William Webster, swore out its Amended Complaint (L.C. Case No. 15-0801 SM) containing the following charges:

> 1. Wildlife Conservation Part – Using Artificial Light/Weapon Accessible;
>
> 2. Weapons – Firearms – Possession Under the Influence
>
> 3. Wildlife Conservation Part – Using Artificial Light to Spot Animals.[5]

42. On November 10, 2016, Plaintiff, through counsel, filed his Final Argument Regarding Defendant's Motion to Dismiss.

43. On December 12, 2016, Plaintiff's motion was granted in part, and he was found not guilty of both weapons charges, on the merits, by 88th District Court Judge Thomas J. LaCross.[6]

44. Judge LaCross's reasoning was that these charges required possession (actual or constructive), and that "The Defendant was not in actual possession of the firearm. Additionally, he did not have constructive possession of the firearm because he did not know if its location." Id.

---

5 EXHIBIT, Complaint
6 EXHIBIT, Order inre Defendant's Motion to Dismiss.

9

45. A fact question remained, because Lynch indicated that Plaintiff made an admission to him about using an artificial light to spot animals. Id.

46. The Court also noted that "The statute governing the arrest by a peace officer requires a warrant unless one of the exceptions applies, (see MCL 764.15) an analysis of the various exceptions contained in the statue reveals that no exception applies. Therefore, although no arrest could be made, the State had information to investigate and charge." Id.

47. The final charge was dismissed on motion of the prosecutor on August 21, 2017,[7] with a promise not to re-charge.[8]

## COUNT I: VIOLATION OF THE U.S. CONSTITUION AGAINST THE DEFENDANTS (42 USC 1983)

48. Plaintiff realleges each preceding paragraph as if more fully stated herein.

49. By reason of their acts as set forth in the Complaint, the individual Defendants acted under color of state law and with oppression and malice to Plaintiff, to the deprivation of his rights, privileges and immunities secured by the Constitution and laws, to wit;

   1. The right not to be deprived of liberty or property without due process of law as secured by the 4th and 14th Amendments to the Constitution of the United States of America;

   2. The right to be free from unreasonable searches and seizures, and to be secure in his person as secured by the 4th and 14th Amendments to the Constitution of the United States of America.

---

7 See Exhibit, Nolle Prosequi
8 See Exhibit, Deferral Agreement

50. Defendants caused Plaintiff to be jailed without any basis in law or in fact.

51. Defendants caused Plaintiff to be continuously imprisoned without probable cause or any basis in law or in fact.

52. Defendants' conduct was in accordance with the practice, usage, policy and procedures, and/or customs of their employer State of Michigan DNR, said policies of deliberate indifference to Plaintiff's rights as secured under the U.S. Constitution.

53. Defendants caused Plaintiff to be arrested without any basis whatsoever in law or in fact.

54. As the direct and proximate result of the Defendants' conduct, Plaintiff suffered the injury and damages as set forth herein.

## COUNT II: 42 USC 1983 AGAINST THE MICHIGAN DEPARTMENT OF NATURAL RESOURCES (*MONELL* LIABILITY)

55. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

56. The above-described conduct of the individual Defendants was performed under color of law while they were working as officers for Defendant State of Michigan DNR.

57. Defendant officers' above-described conduct deprived Plaintiff of clearly established rights to freedom from unreasonable search and seizure and to due process of law.

58. Defendant DNR knew or should have known of these Defendants' propensity for such unconstitutional conduct.

WE FIGHT THE LAW, P.L.L.C.
17600 NORTHLAND PK CT STE 210
SOUTHFIELD, MICHIGAN 48075

11

59. Defendant DNR failed to safeguard against said known unconstitutional conduct and such failure amounted to a tacit approval of said conduct and Defendant DNR is directly liable for violation of Plaintiff's liberty, property and bodily interests, and right to be free from unreasonable and search and seizure and malicious prosecution.

60. Defendant DNR had a custom, pattern and/or practice of failing to take disciplinary action to correct or remedy the unlawful conduct of Defendant Officers and other officers who engaged in similar conduct.

61. Defendant DNR had a custom, pattern and/or practice of failing to supervise and/or train Defendant Officers and other DNR officers who engaged in similar conduct.

62. Defendant DNR has a long standing custom, pattern and/or practice of demonstrating deliberate indifference to unreasonable, inadequate and deficient investigations, illegal searches and seizures and malicious prosecution complained of against its officers.

63. Defendant DNR demonstrated deliberate indifference by the adherence to, application and interpretation of, and/or acquiescence in the following policies, customs, patterns and practices, which were wholly defective:

   a. failing to adequately screen active duty conservation officers and new recruits for propensities for abuses of power and psychological disturbances which could forseeably endanger citizens;

12

    b. tacitly approving an unwritten custom of failing to discipline officers who made unreasonable, inadequate and deficient investigations, illegal searches and seizures and provided false information in support of bogus charges and criminal prosecution;

    c. failing to adequately investigate complaints against officers who were claimed to have performed unreasonable, inadequate and deficient investigations, illegal or unreasonable searches and seizures and malicious prosecution;

    d. failing to train officers regarding: proper investigation of crime under these circumstances, search, seizure and prosecution.

64. Defendant DNR was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and was conscious of the risk of harm posed by the conduct of Defendant officers.

65. The failure of Defendant DNR, under the circumstances, to properly supervise, train and/or discipline and failure to investigate Defendant officers and officers who engaged in similar misconduct was objectively unreasonable and demonstrated a deliberate indifference to incidents and complaints against its officers, and deliberate indifference to the rights of persons such as Plaintiff.

66. As a direct and proximate result of the acts and omissions of Defendant DNR, Plaintiff suffered severe injury and damage as set forth herein.

### COUNT III: SUPERVISORY LIABILITY AGAINST CREAGH, HAGLER, DEAN MOLNAR, HOPKINS, GORNO and JOE MOLNAR

67. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

68. Each Defendant, while acting under color of law, by acts and omissions, did affirmatively subject Plaintiff to deprivation of his rights, privileges and immunities as secured by the Constitution of the United States as follows:

    a. The right not to be deprived of liberty or property without due process of law as secured by the 4th and 14th Amendments to the Constitution of the United States of America; and

    b. The right to be free from unreasonable searches and seizures, and to be secure in his person as secured by the 4th and 14th Amendments to the Constitution of the United States of America.

69. Defendants Creagh, Hagler, Dean Molnar, Hophis, Gorno and Joe Molnar, by engaging in, and/or explicitly and/or implicitly authorizing, approving and/or knowingly acquiescing in unconstitutional conduct as set forth in this Complaint, did affirmatively subject Plaintiff to deprivation of his rights, privileges and immunities as secured by the U.S. Constitution.

70. The acts and omissions of Defendants were under color of law, and were in accordance with the practice, usage, policy and procedures, and customs of deliberate indifference to Plaintiff's rights as secured under the U.S. Constitution of the Defendant DNR.

71. As a direct and proximate result of the acts and omissions of Defendants Creagh, Hagler, Dean Molnar, Hophis, Gorno and Joe Molnar, Plaintiff suffered severe injury and damage as set forth herein.

**COUNT IV: VIOLATION OF 42 USC 1985(3) and 1983 CONSPIRACY TO VIOLATE THE CIVIL RIGHTS OF PLAINTIFF**

72. Plaintiff realleges each preceding paragraph as if more fully stated herein.

73. The Defendants named herein conspired and committed acts in furtherance of their conspiracy to deprive Plaintiff of his Civil Rights under the law, depriving him of his rights and privileges granted to citizens of the United States of America.

74. Each Defendant conspired and committed acts in furtherance of a conspiracy to falsely arrest and imprison Plaintiff and to maliciously prosecute Plaintiff, thereby depriving Plaintiff of his civil right to liberty under the Constitution of the United States of America.

75. Each of the defendants acted in furtherance of their conspiracy by engaging in one or more of the acts set forth in this Complaint.

76. As the direct and proximate result of the Defendants' conduct, Plaintiff suffered the damages as set forth herein.

### **COUNT V: MALICIOUS PROSECUTION UNDER 42 USC 1983**

77. Plaintiff realleges each preceding paragraph as if more fully stated herein.

78. Defendants wrongfully initiated and caused the continued prosecution and incarceration of Plaintiff and said prosecution terminated in Plaintiff's favor.

79. Defendants made, influenced and/or participated in the decision to prosecute.

80. There was no probable cause to prosecute.

81. As a consequence of the legal proceedings, the Plaintiff suffered a deprivation of liberty beyond the initial seizure, including continued detention without probable cause.

WE FIGHT THE LAW, P.L.L.C.
17600 NORTHLAND PK CT STE 210
SOUTHFIELD, MICHIGAN 48075

82. As the direct and proximate cause of Defendants' conduct Plaintiff suffered the injury and damages set forth herein.

## DAMAGES

83. Plaintiff realleges each preceding paragraph as if more fully stated herein.

84. As the direct and proximate result of each of the named Defendant's actions as set forth within this Complaint Plaintiffs suffered injury and damages, including, but not limited to:

    a. Loss of liberty;

    b. Legal expenses;

    c. Other economic injury;

    d. Indignity, embarrassment, humiliation, fright, shock, fear, outrage;

    e. Other damages currently unascertainable;

    f. Exemplary damages and reasonable attorney fees as provided by court rule and statutes, including but not limited to 42 USC 1988.

WHEREFORE Plaintiffs respectfully prays that this Honorable Court grant the following relief:

    a. Award declaratory relief against Defendant DNR by declaring unconstitutional the search and seizure described above;

    b. award injunctive relief against Defendant DNR by issuing a Permanent Injunction prohibiting Defendants from subjecting citizens such as Plaintiff to policies and procedures that violate their constitutional, statutory rights, and common law rights;

We Fight The Law, P.L.L.C.
17600 Northland Pk Ct Ste 210
Southfield, Michigan 48075

c. order appropriate relief to remediate the policies and conditions that exist within the DNR such that the searches and seizures described above are stopped;

d. award monetary damages to Plaintiff for harm caused by Defendants' unconstitutional policies, unconstitutional acts and violations of law, in an amount that is just, fair and reasonable;

e. award punitive and/or exemplary damages where appropriate;

f. award actual costs, expenses, interest incurred in the prosecution of this action, including attorneys' fees; and

g. grant such other and further declaratory and equitable relief as is consistent with law and which this Honorable Court deems just and proper to protect Plaintiff from further harm.

          Respectfully submitted,
          WE FIGHT THE LAW, P.L.L.C.

By:   /s/ RACINE M. MILLER
       ATTORNEYS FOR PLAINTIFF
       17600 Northland Park Court Ste 210
       Southfield, MI 48075
       (248) 443-9030 Fax: (248) 443-9031
       e-mail: racine.michelle@gmail.com

Dated: October 12, 2018       (P72612)

## **JURY DEMAND**

NOW COMES the Plaintiff, by and through counsel, and hereby demands a trial by jury of each and every matter at issue in the above-entitled cause.

          Respectfully submitted,
          WE FIGHT THE LAW, P.L.L.C.

By:   /s/ RACINE M. MILLER
       ATTORNEYS FOR PLAINTIFF
       17600 Northland Park Court Ste 210

WE FIGHT THE LAW, P.L.L.C.
17600 NORTHLAND PK CT STE 210
SOUTHFIELD, MICHIGAN 48075

                                                        Southfield, MI 48075
                                                        (248) 443-9030 Fax: (248) 443-9031
                                                        e-mail: racine.michelle@gmail.com

Dated: October 12, 2018                           (P72612)

WE FIGHT THE LAW, P.L.L.C.
17600 NORTHLAND PK CT STE 210
SOUTHFIELD, MICHIGAN 48075